586 S.E.2d 595

**In the Matter of Michael G. OLIVETTI, Respondent.**

**No. 25717.**

Supreme Court of South Carolina.

Submitted Aug. 12, 2003.

Decided Sept. 15, 2003.

Henry B. Richardson, Jr., and Senior Assistant Attorney General James G. Bogle, Jr., both of Columbia, for the Office of Disciplinary Counsel.

---

Desa A. Ballard, of West Columbia, for Respondent.

PER CURIAM:

In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR. In the agreement, respondent admits misconduct and consents to the sanction of disbarment. We accept the agreement and disbar respondent from the practice of law in this state. The facts, as set forth in the agreement, are as follows.

## Facts

Respondent misappropriated approximately $30,176.65 in trust funds for his own personal use and, on at least one occasion, was dishonest in explaining how the funds were used. Respondent also forged signatures of payees on several checks, thereafter converting the funds to his own use. Finally, respondent commingled $15,000 in client funds with funds in his firm's general operating account.

## Law

Respondent admits that by his conduct he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.1 (a lawyer shall provide competent representation to a client); Rule 1.15(a) (a lawyer shall hold property of clients that is in the lawyer's possession in connection with a representation separate from the lawyer's own property); Rule 8.4(a) (it is professional misconduct for a lawyer to violate the Rules of Professional Conduct); Rule 8.4(b) (it is professional misconduct for a lawyer to commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects); Rule 8.4(d) (it is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation); and Rule 8.4(e) (it is professional misconduct for a lawyer to engage in conduct that is prejudicial to the administration of justice).

Respondent also acknowledges that his misconduct constitutes grounds for discipline under the following provisions of Rule 7, RLDE, Rule 413, SCACR: Rule 7(a)(5) (it shall be a ground for discipline for a lawyer to engage in conduct tending to pollute the administration of justice or to bring the courts or the legal profession into disrepute) and Rule 7(a)(6) (it shall be a ground for discipline for a lawyer to violate the oath of office taken upon admission to practice law in this state).

### *Conclusion*

We accept the Agreement for Discipline by Consent and disbar respondent, retroactive to January 10, 2001, the date of his interim suspension.[1] Within thirty days of the date of this opinion, Disciplinary Counsel and respondent shall establish a restitution schedule pursuant to which respondent shall make restitution to the victims whose funds were misappropriated as well as the Lawyers' Fund for Client Protection for amounts which the Fund paid to the attorney appointed to protect the interests of respondent's clients ($156.84) and any other amounts the Fund may have paid on claims resulting from respondent's misconduct in connection with this matter. Failure to make restitution in accordance with this opinion and the restitution plan may result in respondent being held in contempt of this Court.

Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30 of Rule 413, SCACR, and shall also surrender his Certificate of Admission to the Practice of Law to the Clerk of Court.

**DISBARRED.**

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.

---

1. *In the Matter of Olivetti,* 343 S.C. 486, 541 S.E.2d 242 (2001).